UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID ASHCRAFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01337-SEB-MPB |
| ) | |
| RANDY RETTER, Sheriff of Wayne ) | |
| County, Indiana, ) | |
| ) | |
| Defendant. ) | |

**Order Granting Defendant's Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff David Ashcraft, a prisoner in the Wayne County Detention Center in Richmond, Indiana, commenced this action on May 7, 2020, bringing claims under the First and Fourteenth Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000(cc). He alleged that the defendant Sheriff does not provide Muslim prisoners with meals after sunset during the periods when they fast during the day, that the Sheriff does not provide Muslims with an acceptable substitution for pork, and that the Sheriff denies Muslims prayer rugs, caps, and compasses (for knowing which way to face while praying). Dkts. 1 & 4. The Sheriff moves for summary judgment, asserting that Mr. Ashcraft failed to exhaust his administrative remedies prior to filing this action as required by the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(a). Dkt. 21. For the reasons explained below, the defendant's motion, dkt. [21], is **granted**.

**I. Summary Judgment Legal Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court

what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017). The non-moving party bears the burden of specifically identifying the relevant evidence of record. *D.Z. v. Buell*, 796 F.3d 749, 756 (7th Cir. 2015). This is in part because summary judgment is the "put up or shut up" moment in a lawsuit. *Grant*, 870 F.3d at 568.

## II.  Material Facts

Consistent with the legal standards set out above, the following facts are undisputed. *Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 808 (7th Cir. 2014). That is, these statements of fact are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and any disputed evidence are presented in the light most favorable to the non-moving party.

*Whitaker v. Wisc. Dep't of Health Serv's,* 849 F.3d 681, 683 (7th Cir. 2017). Mr. Ashcraft has not disputed nor presented contrary evidence on any of the following material facts.

The Wayne County Detention Center maintains a written grievance procedure which is available to all prisoners through an electronic kiosk system. Dkt. 21-1 at ¶¶ 5-8, 10 (affidavit of Captain Andrew Abney-Brotz); dkt. 21-2 (grievance policy). Prisoners follow the grievance procedure by first making an informal complaint to a staff member. Dkt. 21-1 at ¶ 11. A staff member will investigate and try to resolve the complaint. *Id.* at ¶ 12. If the prisoner is not satisfied with the staff member's resolution, within seven days he may file a formal grievance at a kiosk. *Id.* at ¶ 13. The formal grievance is directed to a Jail Shift Supervisor to investigate and make a response. *Id.* at ¶¶ 16-18. If the prisoner is not satisfied with the response, he may appeal within seven days of receipt of the Jail Shift Supervisor's response. *Id.* at ¶ 19. The appeal will be evaluated by the Jail Commander or a Shift Supervisor, and a response is sent through the kiosk system. *Id.* at ¶ 20. If the appeal was evaluated by the Shift Supervisor, the prisoner may appeal a second time, and the Jail Commander will evaluate the appeal. *Id.* at ¶¶ 21-23. If the Jail Commander evaluated the first appeal, a second appeal is not necessary to exhaust the available grievance system remedies. *Id.*

Mr. Ashcraft has been incarcerated in the Wayne County Detention Center thirty times since November 2001. *Id.* at ¶ 24. His current incarceration began on March 18, 2018. *Id.* at ¶ 25. During his current incarceration, Mr. Ashcraft has submitted approximately thirty-four grievances using the electronic kiosk system *Id.* at ¶ 26.

One of the thirty-four grievances complained that almost all jail meals contained pork, that Muslim inmates are not given a pork substitute meat, and that the Muslim inmates are treated differently than Jewish inmates who receive Kosher meals. *Id.* at ¶ 27. The response to this

grievance instructed Mr. Ashcraft to meet with the Lieutenant who oversees special diets and discuss his concerns. *Id.* at ¶ 28. Mr. Ashcraft did not appeal this resolution. *Id.* at ¶ 29.

Mr. Ashcraft's second grievance that could be relevant to the issues in this lawsuit was submitted approximately six months after the preceding grievance. *Id.* at ¶ 30. He complained that he had been served two ham sandwiches one day, that he had been given a turkey sandwich for lunch and a peanut butter sandwich for dinner, and that Muslim prisoners were being given peanut butter as a replacement for meat too often. *Id.* A response was sent to Mr. Ashcraft. *Id.* at ¶ 31. Mr. Ashcraft did not appeal this response. *Id.* at ¶ 32.

Mr. Ashcraft has never filed a grievance concerning Ramadan meals, prayer rugs, caps, or compasses. *Id.* at ¶ 34.

Mr. Ashcraft's response to the motion for summary judgment did not provide evidence to refute any of the above facts. Dkt. 26.

### III. Discussion

The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e; *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ( "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendant's burden to establish that the administrative process was available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "[A] court may not excuse a failure to exhaust, even to take . . . [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (citing *Miller v. French,* 530 U.S. 327, 337 (2000)). This is true even if the plaintiff seeks a remedy that is not available through the administrative process. *Id.* (citing *Booth v. Churner,* 532 U.S. 731 (2001)).

One of the defendant's arguments is dispositive of his motion for summary judgment. Because Mr. Ashcraft never filed an administrative appeal for any grievance possibly related to the issues in this lawsuit, he has not complied with the PLRA's exhaustion requirement. Dkt. 21-1 at ¶¶ 29, 32, & 34.

In Mr. Ashcraft's response, he writes that the grievance responses he received were made months later "beyond the appeal time frame." Dkt. 26 at ¶¶ 2 & 4. He also asserts that he had been told the "food service is ungrievable." These statements are not sworn and cannot be considered evidence. Additionally, the time frame for making an appeal is seven days after receipt of the grievance response. Dkt. 21-2 at 6, ¶ J.1.b. The grievance procedure provides:

> b. Time Limit for Filing an Appeal
> 1. An inmate shall file the appeal *with seven (7) days of being served with the response* from the grievance or previous level of appeal or the passing of the response due date. (Response due dates are figured using the response time limits previously stated). Jail personnel shall not issue an inmate an appeal form after the seven (7) day point without approval from a Jail Command Officer.

*Id.* (emphasis added).

Mr. Ashcraft does not dispute that he never filed an appeal. Dkt. 26. He attempts to excuse this failure by alleging that the responses he received were months after his grievance and outside of the time for an appeal. *Id.* That assertion offers him no safe harbor because the appeal time limit runs from the time the response is received. The result is that because Mr. Ashcraft never filed an appeal, he has not exhausted his administrative remedies, meaning this lawsuit should not have been brought. 42 U.S.C. § 1997e(a).

For these reasons, the motion of defendant Randy Retter, Sheriff of Wayne County, Indiana, for summary judgment, dkt. [21], is **granted**. This action is **dismissed** without prejudice. *Ford,* 362 F.3d at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice."). Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED**.

Date: 4/12/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David Ashcraft
Wayne County Detention Center
200 E. Main St.
Richmond, IN 47374

James Blake Hike
Carson, LLP
hike@carsonllp.com

Rebecca Sue Kleber
Carson, LLP
kleber@carsonllp.com